# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RUBEN R. MARTINEZ,                     CV F 05-0425 WMW HC

           Petitioner,          MEMORANDUM OPINION AND ORDER RE
                                       RESPONDENT'S   MOTION   TO   DISMISS
                                       PETITION FOR WRIT OF HABEAS CORPUS
    v.                                 AND PETITIONER'S MOTION TO DISMISS
                                       WITHOUT PREJUDICE

PEOPLE STATE OF CALIFORNIA,            [Docs. 10, 13]

           Respondent.
_____/

    Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss this petition on the ground that it was filed beyond the one-year statute of limitations. Also pending before the court is Petitioner's motion to dismiss without prejudice to exhaust state remedies.

## PROCEDURAL HISTORY

    Petitioner was convicted of possession of a controlled substance, being under the influence of a controlled substance and possession of a hypodermic needle and syringe.  The court sentenced Petitioner to serve an indeterminate term of 25 years to life.

1    On January 19, 1999, the Court of Appeal for the Fifth Appellate District affirmed the

2    judgment.  Petitioner filed a petition for review with the California Supreme Court, which denied the

3    petition on March 31, 1999.  Petitioner filed a petition for writ of certiorari with the United States

4    Supreme Court, which denied the petition on November 15, 1999.

5    Petitioner subsequently filed three post-conviction collateral challenges to his conviction.

6    First, Petitioner filed a petition for writ of habeas corpus in Tulare County Superior Court.

7    September 1, 2000.  The court denied the petition on May 24, 2006.

8    Petitioner filed a petition for writ of habeas corpus in the Court of Appeal on September 5,

9    2000.  The court denied the petition on October 19, 2000.

10   Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on

11   November 19, 2001.  The court denied the petition on May 1, 2002.

12   Respondent filed the present motion to dismiss on June 20, 2006.  Despite being given six

13   extensions of time, Petitioner has not filed an opposition to Respondent's motion.  The court finds

14   that the public's interest in expeditious resolution of litigation and the court's need to manage its

15   docket require that the court resolve Respondent's motion.

16                                  **STANDARD OF REVIEW**

17   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

19   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

20   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

21   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

22   *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

23   to cases filed after statute's enactment).  The instant petition was filed on March 31, 2005, after the

24   enactment of the AEDPA, thus it is governed by its provisions.

25   This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

26   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

27   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

28   The AEDPA altered the standard of review that a federal habeas court must apply with

respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State Court proceeding." 28

U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

that application must be objectively unreasonable."  Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

(1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

determinations must be presumed correct, and the federal court must accept all factual findings made

by the state court unless the petitioner can rebut "the presumption of correctness by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

(1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it was filed beyond the

applicable statute of limitations.  The AEDPA imposes a one year period of limitation on petitioners

seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended,

Section 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  In this case, the United States Supreme Court denied Petitioner's petition for writ of certiorari on November 15, 1999.  A state court judgment becomes final on the date that the United States Supreme Court denies the petition for certiorari or issues a merits decision.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).   Thus, Petitioner would have had one year from November 15, 1999, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Petitioner filed his first petition for writ of habeas corpus in Tulare County Superior Court on September 1, 2000.  The Tulare County Superior Court, citing to In re Robbins, 18 Cal.4th 770, 780 (1998), found the petition to have been untimely filed.  Consequently, the petition is not considered to have been "properly filed" under  28 U.S.C. § 2244(d)(2) and did not  serve to toll the running of the statute of limitations.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (habeas petition found to be untimely is not properly filed for the purposes of the AEDPA tolling provisions). Accordingly, the statute ran from November 16, 1999, until Petitioner filed his second petition in the Court of Appeal on September 5, 2000.  Therefore, Respondent is correct in arguing that 293 days of the

1    initial one-year limitations period had expired as of the time that the second petition was filed.

2         The statute of limitations was tolled from the filing of the second habeas corpus petition on

3    September 5, 2000, until it was denied on October 19, 2000.  Petitioner did not file his third petition

4    until November 19, 2001.  The issue is therefore whether the statute of limitations was tolled during

5    the time between the second and third petitions.

6         In  Carey v. Saffold, 536 U.S. 2134 (2002), the Court determined that under California's

7    collateral review process, the intervals between a lower court decision and the filing of a new

8    petition in a higher court are within the scope of the statutory word "pending" under § 2254(d)(2).

9    Id. at 2140.  Thus, as in Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct.

10   1846 (2000), tolling occurs during the intervals between petitions in the state courts.  The Supreme

11   Court examined this principle in light of California's unique original writ system where the

12   timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold,

13   122 S.Ct. at 2139.  Thus, the California Supreme Court's denial of the petition "on the merits and for

14   lack of diligence" cannot, by itself, indicate that a petition is timely under California's

15   reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the

16   California Supreme Court may have included the words "on the merits," and therefore those words

17   cannot by themselves indicate that the petition was timely).  The Court further explained that had the

18   California Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that

19   would be the end of the matter" and the petition would not be pending for purposes of tolling.  Id. at

20   2141.  In other words, where a California prisoner delayed "unreasonably" in seeking further review

21   of his petition, he is not entitled to tolling under § 2244(d)(2). Saffold was remanded back to the

22   Ninth Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was

23   unreasonable and therefore, insufficient for statutory tolling.  Id.

24        In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846,854 (2006), the Supreme Court found that

25   there was "a totally unexplained, hence unjustified, delay of at least six months" from the time that

26   the Court of Appeal denied the relief until the petitioner filed a habeas petition in the California

27   Supreme Court.  The Court held:

28        Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States

provide for filing an appeal to the state supreme court. Safford, supra, at 219, 122 S.Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal.App.Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Safford. See 536 U.S., at 222-223, 122 S.Ct. 2134.

Id.   Similarly, the Ninth Circuit found that unexplained delays of eighteen, fifteen and ten months between filings were unreasonable and the petitioner was not entitled to tolling during these periods. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006).   The court finds, therefore, that Petitioner is not entitled to statutory tolling during the 13 months between the denial of his second habeas corpus petition and the filing of his third habeas corpus petition.  Further, the court finds no indication of a basis for equitable tolling.  Thus, the statute of limitations expired before Petitioner filed his third habeas corpus petition.  The statute of limitations having expired previously, the present action is barred by the statute of limitations set forth in § 2254(d).

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   Respondent's motion to dismiss [Doc. 10] is GRANTED;

2)   This petition is dismissed with prejudice as barred by the statute of limitations;

3)   Petitioner's motion to dismiss this action without prejudice [Doc. 13] to allow him to exhaust state remedies is DENIED as moot;

4)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case. IT IS SO ORDERED.

Mmkd34 Dated:   March 13, 2007          /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE